959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William T. JULIANO, on behalf of himself as well as the
United States of America, Appellant,
v.
The FEDERAL ASSET DISPOSITION ASSOCIATION, et al., Appellees.
 No. 90-5165.
 United States Court of Appeals, District of Columbia Circuit.
 April 10, 1992.
 
 Before MIKVA, Chief Judge, and SILBERMAN and HARRY T. WILLIAMS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 William T. Juliano brought a qui tam suit on behalf of himself and the United States charging that the Federal Asset Disposition Association and its Board of Directors had committed fraud in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1). The district court dismissed the complaint against the former directors for failure to allege any specific acts that would render them liable in their individual, rather than their official, capacities. Juliano v. Federal Asset Disposition Ass'n, 736 F.Supp. 348, 353 (D.D.C.1990). We agree. On appeal, Mr. Juliano cannot point to any language in his complaint alleging that directors of the FADA acted as individuals rather than as officials. On the contrary, the complaint repeatedly charges the directors with acts committed on behalf of the FADA. Counts I through IV, for example, say that the "FADA and its Board of Directors" committed wrongs. Even under the minimal pleading requirements of Fed.R.Civ.P. 8(a)(2), there is no "short and plain statement" advising each defendant of the basis for the claims against him individually.
 
 
 3
 Mr. Juliano also argues that Fed.R.Civ.P. 9(b), which requires fraud to be pleaded with particularity, should be relaxed in his case because the necessary facts are in the exclusive control of the FADA. The appellees counter that the facts are in the public domain. We need not address the question: for a relaxed pleading requirement to apply, the information missing from a complaint must be "far outweighed by the sufficiency of the description of the claims against the defendants." Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 680 (6th Cir.1988); see also Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439-40 (9th Cir.1987). In this case, the allegations against the individual defendants are not merely insufficient; they are nonexistent.
 
 
 4
 Because Mr. Juliano has had ample opportunity to remedy the deficiencies in his complaint, dismissal with prejudice and without discovery is appropriate. See United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1386 (D.C.Cir.1981) (dismissing with prejudice complaint failing to comply with Rule 9(b) where plaintiff had more than 11 months to remedy pleading defects).
 
 
 5
 ORDERED AND ADJUDGED that the dismissal of Mr. Juliano's complaint against the former directors be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.